```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-18-13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:

HAWKER BEECHCRAFT, INC., et al

-------------------------------------------------------------x

UNITED STATES OF AMERICA EX REL. DONALD
MINGE AND DAVID KIEHL AND DONALD
MINGE AND DAVID KIEHL INDIVIDUALLY,

Plaintiffs,

-against-

HAWKER BEECHCRAFT CORPORATION,

Defendant.
-------------------------------------------------------------x

13 Misc. 373 (PKC)

Chapter 11 Case No.
12-11873 (SMB)

Chapter 11 Adversary
Proceeding No. 12-01890
(SMB)

MEMORANDUM
AND ORDER

CASTEL, District Judge:

   Plaintiffs move for leave to appeal from the August 2, 2013 decision of the United

States Bankruptcy Court for the Southern District of New York (Bernstein, J.) (the "Decision"),

which dismissed in part the complaint filed in their adversary proceeding in the Chapter 11

reorganization case of Hawker Beechcraft Corporation ("HBC"). In re Hawker Beechcraft, Inc.,

493 B.R. 696 (Bankr. S.D.N.Y. 2013). In that adversary proceeding, plaintiffs sought a

determination that their claims against HBC under the False Claims Act ("FCA") were not

dischargeable in HBC's Chapter 11 reorganization proceeding. The Bankruptcy Court found

that plaintiffs' claims for penalties and damages were dischargeable, but declined to dismiss the

adversary proceeding with respect to plaintiffs' potential claims for attorneys' fees and expenses.

For the reasons set forth below, leave to appeal is granted.

I.   BACKGROUND

A.   The FCA Claims, the Chapter 11 Case, and the Adversary Proceeding

The facts summarized herein are more fully set forth in the Decision.  Hawker
Beechcraft, 493 B.R. at 699-701.  Plaintiffs Donald Minge and David Kiehl are former
employees of TECT Aerospace, Inc. or TECT Aerospace Wellington, Inc. (together, "TECT"),
two subcontractors of defendant HBC, a manufacturer of military aircraft.  On July 27, 2007,
plaintiffs filed a qui tam suit under the FCA against, inter alia, HBC and TECT, in the United
States District Court for the District of Kansas (the "Kansas Action").  U.S. ex rel Minge v.
TECT Aerospace, Inc., No. 07-1212-MLB.  Plaintiffs alleged that defendants made
misrepresentations in their certifications to the government regarding certain components
manufactured by TECT and incorporated into military aircraft sold to the government.  As
provided for under the FCA, plaintiffs sought to recover triple the damages sustained by the
government (totaling $2.3 billion), in addition to a civil penalty of $11,000 for each of the 347
violations alleged (totaling $3.8 million), plus attorneys' fees and costs.

On May 3, 2012, HBC and certain affiliates filed a petition for reorganization
under chapter 11 of the Bankruptcy Code, staying the Kansas Action as to HBC.  The Court in
the Kansas Action further stayed the action as to all parties on November 16, 2012.  U.S. ex rel
Minge v. TECT Aerospace, Inc., No. 07-1212-MLB, Dkt. No. 380 (Nov. 16, 2012).  On June 5,
2012, the debtors' appointed claims agent mailed a "Notice of Chapter 11 Bankruptcy Cases,
Meeting of Creditors, & Deadlines," dated June 5, 2012 (the "Notice"), to creditors and other
parties in interest.  The Notice was based on Official Form 9F, a model form intended for use in
Chapter 11 cases in which the debtor is a corporation or partnership.  The Notice provided that
the creditors' meeting required under 11 U.S.C. § 341 would take place on June 26, 2012.  The
second page of the Notice provided information with respect to the discharge of debts upon

2

confirmation of a Chapter 11 plan, notifying recipients that, in order to avail themselves of the discharge exception provided under 11 U.S.C. § 1141(d)(6)(A), they were required to file a complaint with the bankruptcy clerk's office by a deadline specified under the heading "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" on the first page of the Notice. That section of the Notice did not provide a date, but instead stated that "Notice of deadline will be sent at a later time."

Plaintiffs commenced an adversary proceeding on September 27, 2012, seeking a dischargeability determination with respect to their FCA claims against HBC in the Kansas Action. Their complaint alleged that the FCA claims in the Kansas Action were exempt from discharge under 11 U.S.C. § 1141(d)(6)(A). Specifically, plaintiffs sought a determination of nondischargeability based on both grounds set forth in section 1141(d)(6)(A), alleging that their debt was both "of a kind specified in section 523(a)(2)(A) owed to a domestic governmental unit" and "debt owed to plaintiffs as a result of the action they had filed under Subchapter III of chapter 37 of title 31 of the United States Code." HBC moved to dismiss plaintiffs' adversary proceeding.

B. The Bankruptcy Court's Decision

On August 2, 2013, the Bankruptcy Court issued the Decision, dismissing plaintiffs' adversary complaint insofar as their FCA claims sought damages and penalties. 493 B.R. at 713. Because HBC's plan of reorganization was confirmed in February 2013, the Decision had the effect of confirming the discharge of plaintiffs' claims for damages and penalties under the FCA. Id. The Bankruptcy Court, however, did not rule on "whether or to what extent the Plaintiffs have personal claims against" HBC, and thus permitted plaintiffs' adversary proceeding to proceed with respect to any potential claims for attorneys' fees and

expenses recoverable under 11 U.S.C. §§ 3730(d)(3) and (4).  Id.

The Bankruptcy Court's analysis focused on the interpretation of 11 U.S.C. § 1141(d)(6), a provision enacted as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").  This provision added limited exemptions to the otherwise comprehensive discharge provided for corporate debtors under 11 U.S.C. § 1141(d)(1).  Section 1141(d)(6) provides:

> Notwithstanding paragraph (1), the confirmation of a plan does not discharge a debtor that is a corporation from any debt—
>
> > (A) of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit, or owed to a person as the result of an action filed under subchapter III of chapter 37 of title 31 or any similar State statute . . . .

The Bankruptcy Court's analysis parsed subparagraph (A) into two independent clauses separated by the comma following "domestic governmental unit."  493 B.R. at 709.  Thus, the first clause ("Clause 1") excepts from discharge any debt "of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit," and the second clause ("Clause 2") excepts any debt "owed to a person as the result of an action filed under subchapter III of chapter 37 of title 31 or any similar State statute[.]"[1]  Because they pursued their qui tam claims as relators on behalf of the United States but also stood to recover a portion of any damages awarded in a successful claim, plaintiffs argued that their claims were exempt under both clauses of section 1141(d)(6)(A).  As Judge Bernstein explained, under the

---

[1] Section 523(a)(2) provides in relevant part that an individual debtor is not discharged from any debt "(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by-- (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; [or] (B) use of a statement in writing-- (i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive . . . .

Subchapter III of chapter 37 of title 31 is entitled "Claims Against the United States Government" and includes, inter alia, the provisions of the FCA.  See 31 U.S.C. §§ 3729-3733.

Bankruptcy Code there are generally "two types of exceptions to discharge: (1) those that are self-executing and (2) those that require the creditor to seek a determination of dischargeability in the bankruptcy court by a fixed deadline, failing which the exception does not apply and the debt is discharged." 493 B.R. at 701 (citing 11 U.S.C. § 523(c)(1)).

The Decision included several holdings, three of which plaintiffs seek to appeal. In the first challenged holding, the Court concluded that 11 U.S.C. § 523(c)(1) applies to Clause 1, and thus a creditor seeking an exception to discharge under Clause 1 is required to timely move for such relief. The applicable deadline, set forth in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure, requires creditors to file such a complaint "no later than 60 days after the first date set for the meeting of creditors under [11 U.S.C.] § 341(a)," unless the court extends the deadline for cause. Hawker Beechcraft, 493 B.R. at 705 (citing European American Bank v. Benedict (In re Benedict), 90 F.3d 50, 53 (2d Cir. 1996)). Rule 4007(c) further provides that the bankruptcy court "shall give all creditors no less than 30 days' notice of the time so fixed . . . ." Having thus found Bankruptcy Rule 4007(c) applicable to plaintiffs' claims under Clause 1, the court went on to conclude that plaintiffs had failed to comply with the deadline set forth in that Rule. Id. at 708. This is the second holding challenged by plaintiffs.

Addressing plaintiffs' claims under Clause 2, the court held that Clauses 1 and 2 of 11 U.S.C. § 1141(d)(6)(A) were independent of one another, and that section 523(c)(1) therefore did not apply to Clause 2. In other words, the court found the exception set forth in Clause 2 to be a self-executing exception to discharge, such that any determination of discharge sought under Clause 2 would not be time-barred for failure to comply with Bankruptcy Rule 4007(c). However, the court further held that plaintiffs' qui tam claims for damages and penalties were not "debts owed to a person" within the meaning of the FCA and thus did not qualify for the Clause 2 exception. Id. at 712. This is the third and final holding challenged by

plaintiffs.

The Bankruptcy Court also concluded that claims based on payment of reasonable attorneys' fees, costs, and expenses to which a successful qui tam plaintiff is entitled under 11 U.S.C. §§ 3730(d)(1) and (2) are "debts owed to a person" within the meaning of Clause 2. Id. at 712. Thus, the Decision resulted in the discharge of plaintiffs' qui tam claims against HBC insofar as they sought damages and penalties, but did not terminate the adversary proceeding altogether: the court declined to dismiss plaintiffs' complaint "to the extent that it alleges that a claim for attorneys' fees and expenses is non-dischargeable." Id. at 712-13. Plaintiffs timely moved for leave to file an interlocutory appeal.

## C.  STANDARD OF REVIEW

In bankruptcy cases, district courts have jurisdiction to hear appeals from final judgments, orders, and decrees, and "from interlocutory orders and decrees [] of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under [28 U.S.C. § 157]." 28 U.S.C. § 158(a). The standards for determining an order's finality in bankruptcy differ from those applicable to ordinary civil litigation, because "a bankruptcy proceeding is umbrella litigation often covering numerous actions that are related only by the debtor's status as a litigant and that often involve decisions that will be unreviewable if appellate jurisdiction exists only at the conclusion of the bankruptcy proceeding." In re Sonnax Indus., Inc., 907 F.2d 1280, 1283 (2d Cir. 1990). Thus, "the concept of finality that has developed in bankruptcy matters is more flexible than in ordinary civil litigation." In re Hooker Investments, Inc., 937 F.2d 833, 836 (2d Cir. 1991). In the Second Circuit, a bankruptcy court's order is final if it "completely resolve[s] all of the issues pertaining to a discrete claim, including issues as to the proper relief." In re Integrated Res., Inc., 3 F.3d 49, 53 (2d Cir. 1993).

In exercising their discretion as to whether to grant leave to appeal an interlocutory order in a bankruptcy case, district courts have generally applied the standards set forth in 28 U.S.C. § 1292(b).  See, e.g., In re Bernard L. Madoff Inv. Securities LLC, Nos. 11 Misc. 337, 11 Misc. 338, 11 Misc. 352, 2012 WL 5511952, at *2 (S.D.N.Y. Nov. 14, 2012); In re Adelphia Commc'ns Corp., 333 B.R. 649, 658 (S.D.N.Y. 2005).  Under section 1292(b), in order for a court to grant leave for a party to file an interlocutory appeal, the order being appealed must "(1) involve a controlling issue of law (2) over which there is substantial ground for difference of opinion," and the movant must also show that (3) an immediate appeal would materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  Further, "leave to appeal from interlocutory orders should be granted only in exceptional circumstances [that] ... overcome the general aversion to piecemeal litigation and justify departing from the basic policy of postponing appellate review until after the entry of a final judgment."  Picard v. Estate of Madoff, 464 B.R. 578, 582 (S.D.N.Y. 2011) (citation and quotation omitted); see also Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865-66 (2d Cir. 1996) ("It is a basic tenet of federal law to delay appellate review until a final judgment has been entered."); Adelphia, 333 B.R. at 658.

## II.  ANALYSIS

### A.  Finality

Under the Second Circuit's standard for finality in a bankruptcy case, the Bankruptcy Court's decision was not a final order.  See Integrated Resources, 3 F.3d at 53.  Although an order dismissing a complaint objecting to the discharge of the debtor under 11 U.S.C. § 523 would be a final order, see Matter of Weber, 892 F.2d 534, 537 (7th Cir. 1989), here, the adversary proceeding remains open because the Bankruptcy Court declined to dismiss

plaintiffs' complaint to the extent that it alleges a claim for attorneys' fees and expenses, and the court has yet to determine whether and to what extent plaintiffs have personal claims against HBC. Hawker Beechcraft, 493 B.R. at 712-13. Thus, the Court turns to consideration of the standards for whether or not to grant leave to file an interlocutory appeal under 11 U.S.C. § 158(a).

     B.  Section 1292(b) Factors

        At the outset, the Court notes that the motion for leave to file an interlocutory appeal pertains to plaintiffs' adversary proceeding in the HBC bankruptcy case, and not to any other proceeding.  Accordingly, the section 1292(b) factors are appropriately considered in connection with this adversary proceeding, and not in connection with the HBC Chapter 11 case as a whole or the Kansas Action.

        "A controlling question of law exists if: (1) reversal of the district court's opinion could result in dismissal of the action, (2) reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action, or (3) the certified issue has precedential value for a large number of cases."  In re Lloyd's Am. Trust Fund Litig., 96 Civ. 1262 (RWS), 1997 WL 458739, at *4 (S.D.N.Y. Aug. 12, 1997) (citing Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24 (2d Cir. 1990)).  Although a reversal here would not result in dismissal of the adversary proceeding, it would undoubtedly significantly affect the conduct of the adversary proceeding.  The Bankruptcy Court's decision rendered a final determination that plaintiffs' FCA claims seeking damages and penalties were dischargeable.  As it stands, the only issues remaining in the adversary proceeding are whether plaintiffs have asserted claims to recover attorneys' fees and expenses in their FCA action, and, if so, whether those claims are dischargeable.  Reversal of the Bankruptcy Court's decision in whole or in part would broaden

8

the inquiry before the Bankruptcy Court to include consideration of plaintiffs' substantive FCA claims, rather than only the discrete and perhaps collateral issues relating to attorneys' fees and expenses.  Moreover, since the Bankruptcy Court's decision resolved issues of first impression in any court relating to the interpretation of 11 U.S.C. § 1141(d)(6), it is likely that the issue here will have precedential value for a significant number of cases.

There may be "substantial ground for difference of opinion" with respect to the legal issue presented for interlocutory appeal when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit."  In re Lloyd's Am. Trust Fund Litig., 1997 WL 458739, at *5 (citing Klinghoffer, 921 F.2d at 25).  Here, the three issues presented on appeal are difficult, calling for complex statutory interpretation and addressing the intersections between different provisions of the Bankruptcy Code, the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and the Bankruptcy Code and the FCA, respectively.  The two issues relating to the interpretation of the language of 11 U.S.C. § 1141(d)(6)(A) are of first impression in the Second Circuit and further appear to be of first impression in any federal court.  Regarding the separate issue relating to notice requirements under Bankruptcy Rule 4007(c), the Bankruptcy Court acknowledged the existence of conflicting authority in district and bankruptcy courts.  Hawker Beechcraft, 493 B.R. at 706-08.  Thus, the second section 1292(b) factor is satisfied.

With respect to the final section 1292(b) factor, immediate appeal is considered to materially advance the termination of the litigation if "appeal promises to advance the time to trial or to shorten the time required for trial."  In re Oxford Health Plans, Inc., 182 F.R.D. 51, 53 (S.D.N.Y. 1998) (quoting Charles A. Wright & Arthur Miller, Federal Practice & Procedure § 3930 at 432 (2d ed. 1996)).  To date, the adversary proceeding at issue has not been scheduled for trial.  Granting leave to file interlocutory appeal at this juncture will ensure that, should the

matter proceed to trial, the Bankruptcy Court will fully adjudicate the issue of dischargeability of plaintiffs' FCA claims.  Such an appeal will foreclose the possibility that the Bankruptcy Court will adjudicate the dischargeability of plaintiffs' claims for attorneys fees and expenses, only to have to separately reconsider the dischargeability of plaintiffs' substantive FCA claims on remand.

In some cases, courts have declined to grant leave to file interlocutory review because the record has not been fully developed.  See, e.g., Picard v. Katz, 466 B.R. at 208-09. Unlike such cases, here plaintiffs' claims for damages and penalties have been dismissed from the adversary proceeding, and the factual record is therefore closed with respect to these claims. Hawker Beechcraft, 493 B.R. at 713 ("The qui tam claims asserted against Hawker in the Kansas Action and this adversary proceeding are dischargeable, and were discharged under the Debtors' confirmed plan.")  It is also true that immediate appeal may be inappropriate if there is a good prospect that the certified question may be rendered moot by further proceedings in another court.  See, e.g., Oneida Indian Nation of New York State v. Oneida Cnty., 622 F.2d 624, 628-29 (2d Cir. 1980).  In this case, however, there is no indication that the Kansas Action will be terminated any time in the near future, even if the stay were to be lifted.

C.  Exceptional Circumstances

This case also presents exceptional circumstances justifying a grant of interlocutory review.  As discussed, the Bankruptcy Court's resolution of difficult questions of first impression resulted in the bifurcation of plaintiffs' claims into two separate components. This unique bifurcation itself is the only reason that the court's order of dismissal was not an immediately appealable final order.  Further, although the Bankruptcy Court noted that plaintiffs' potential claims for attorneys' fees and expenses "may be substantial," Hawker Beechcraft at

10

712, any issues relating to claims for attorneys' fees and expenses may be considered an essentially collateral matter when compared to plaintiffs' substantive claims for damages and penalties.  Cf. People Who Care v. Rockford Bd. of Educ. Dist. No. 205, 921 F.2d 132, 134 (7th Cir. 1991) (disputes about the quantum of attorneys' fees and litigation expenses are an essentially collateral matter not justifying a grant of interlocutory review).  Taken together, these considerations justify departure from the final judgment rule.


CONCLUSION

            For the foregoing reasons, plaintiffs' motion for leave to file an interlocutory appeal (Dkt. No. 1) is GRANTED.  Plaintiffs are directed to file their brief on appeal, together with the record on appeal, by January 13, 2014. Defendants' answering brief is due January 27, 2014, and plaintiffs' reply is due February 3, 2014.


            SO ORDERED.

                                                        _____
                                                              P. Kevin Castel
                                                        United States District Judge

Dated:  New York, New York
            December 17, 2013